for setting aside the order is not well founded. The conduct of the plaintiff does not appear to have been of a character to recommend him to the sympathy of the court, and I see no reason that would justify me in granting this motion to set aside the order of commitment. Motion denied, with $10 costs to abide the event.

Motion denied, with $10 costs.

(26 Misc. Rep. 536.)

### FIRST NAT. BANK OF CAMDEN v. CARLETON.

(Supreme Court, Special Term, Onondaga County. February, 1899.)

JUDGMENT BY CONFESSION—STATEMENT.
>The statement of facts in a confession of judgment is sufficient, it being stated, or inferable therefrom, that defendant indorsed the note set out, on which he was payee; that thereafter it was discounted by plaintiff; that afterwards, when it matured, it was not paid, and at time of confession remained wholly unpaid, and there was due from defendant to plaintiff thereon a certain sum; a consideration being shown by the statement that plaintiff "discounted" the note; it being immaterial that it was not stated when it was discounted, or that it was duly protested, or that there was no separate statement of the amount of principal and interest, and it being fairly inferable from the facts stated that plaintiff, at the time of confession, was the owner and holder of the note.

Action by the First National Bank of Camden against Charles Carleton. Judgment was confessed by defendant, which subsequent judgment creditors of his apply to have set aside on the ground of insufficiency of the statement of facts in the confession of judgment. Denied.

The statement is as follows:

>The following is a concise statement of the facts out of which the debt arose constituting the said liability: On a certain promissory note, of which the following is a copy: "$68.91. Camden, N. Y., Dec. 26, 1895. Three months after date, I promise to pay to the order of Charles Carleton sixty-eight $91/_{100}$ dollars, at the First National Bank of Camden, N. Y. Value received; with interest. James Carleton. [Indorsed] Charles Carleton,"—which said note was duly discounted at said bank after having been indorsed by me. Said note was, at maturity, not paid, and was thereupon duly discounted, and now remains wholly unpaid; and there is now due from me thereon to said plaintiff the sum of $80.38.

A. C. Woodruff, for the motion.

R. S. Johnson, opposed.

HISCOCK, J. The statement of facts in the confession of judgment under review is certainly not a model form, and yet, after considerable hesitation, I have concluded that it meets the requirements of the Code. The following facts are either stated, or are fairly inferable from the statement, namely: That the defendant indorsed a promissory note, of which a copy is set forth; that, after he had so indorsed it, the note was discounted by the plaintiff; that afterwards, when it matured, it was not paid, and at the time of the confession remained wholly unpaid, and there was due from defendant to the plaintiff thereon the sum of $80.38. The exact date when defendant indorsed the note, or when it was discounted by the bank, is not spe-

·cifically set forth, but it is a fair inference from the statement that it was some time within three months between the date of the note and the date when it matured; and this omission is not very material, because the amount of defendant's liability upon the note when discounted would be computed from the date and amount of the note, without reference to the date when it was discounted. The date of the discount would simply bear upon the consideration which the bank would then pay for the note, rather than upon the amount of defendant's liability thereon, which would be fixed from the date itself of the note; it being made with interest. It is not stated, in terms, that the plaintiff, at the time of the confession of judgment, was the owner and holder of the note. But this is a fair inference from the facts stated, that the plaintiff had discounted, and therefore became the owner of, the note, and that at the time of the confession there was due from defendant to plaintiff a certain amount, which, in addition to the presumption of a continuance of ownership once proved, fairly indicates that plaintiff then held the note and the indebtedness arising thereupon against defendant. This allegation in a statement that a certain amount is justly due to the plaintiff from the defendant is one of significance and weight. Bank v. Allison, 37 Hun, 135, 138. Neither is there any separate statement of the amount of principal and interest, but this is a mere matter of computation from the face of the note.

The question then arises upon which many similar statements have been held fatally defective,—whether there is any sufficient allegation of an actual indebtedness upon the note to plaintiff. It has been so often held that the mere statement of the making ·or indorsement of a promissory note is not sufficient to sustain the confession of judgment, that citations upon that question are unnecessary. It must appear that there is a real indebtedness, of which the note is evidence; that the note was given for some actual consideration, which supports it and the confession of judgment thereupon. This leads to a consideration of the allegation that the note was discounted by plaintiff, and of the meaning of the term "discount." I think it may be held that the term has acquired a well-defined meaning; that, when used as in this statement, it means that the bank purchased or acquired the note, and advanced upon it, in money, the amount thereof, less such percentage as it retained for interest. I think it may further be inferred that the bank did no unlawful act, but discounted it at a legal rate. This latter is not very material, because, while, if the bank discounted the note at an illegal rate, that might furnish some defense to the note, defendant would not be bound to raise that defense, and in the case of a legal discount, at least, his liability would be measured by the amount of the note, according to its terms, and not by the amount which plaintiff actually advanced upon it. These views in regard to the meaning of the word "discount" are sustained by Bank v. Johnson, 104 U. S. 271, 276. There is further found in the statement the allegation, in connection with the assertion that said note was not paid at maturity, that it was "thereupon duly discounted." This is clearly an inadvertent use ·of the word "discounted" for the word "protested." But, even if

the allegation is disregarded on account of such mistake, the effectiveness of the statement is not destroyed. If it be assumed that there is no statement that the note. was duly protested, that would, of course, furnish a basis for defense by defendant to the note. Upon the other hand, it is perfectly well settled that defendant might waive this defense, and that his original liability upon the note would be a good consideration for a new obligation or for a confession of judgment.

The motion is therefore denied, with $10 costs.